# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **Teresa Perry,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action Number |
| | ) 10-00920-CV-W-JTM |
| **Seton Center, Inc.** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

On July 14, 2010, plaintiff Teresa Perry ("Perry") filed a Petition in the Circuit Court of Jackson County, Missouri, against Seton Center, Inc. ("Seton Center"). The Petition asserted that Perry was subjected to racial discrimination and retaliation while employed at Seton Center. The Petition contained two counts: one seeking relief under 42 U.S.C. § 1981 and another seeking relief under the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010, *et seq*. On September 21, 2010, Seton Center removed the case to this Court based on federal question jurisdiction (*i.e.*, the Section 1981 claim). On September 23, 2010, Perry sought leave to file an amended complaint with the Court. That same day, the Court granted leave and Perry filed her amended complaint that dropped her Section 1981 claim.[1]

---

[1] It is unclear as to why Perry dropped the Section 1981 claim. She may have believed that removing the federal claim would lead to a remand to state court. However, Perry did not file a motion to remand. In any event, the propriety of removal is determined by the pleadings at the time of removal (when, in this case, there was a basis for the exercise of federal question jurisdiction).

On October 7, 2010, Seton Center filed a motion to dismiss [Doc. 9] the (now) sole count arising under the Missouri Human Rights Act. To that end, Seton Center argued that:

(1) Perry's claim was untimely inasmuch as she filed her lawsuit 91 days after the issuance of her right-to-sue letter and, as such, she failed to meet the 90-day limitations period set forth in MO. REV. STAT. §213.111. *Compare Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 133 (Mo. App. [W.D.] 2003) (dismissing claim under the Missouri Human Rights Act that was filed 91 days after issuance of right-to-sue letter); and

(2) Inasmuch as Seton Center is owned and operated by a religious or sectarian group, it is not an "employer" under the Missouri Human Rights Act which excludes from the definition of employer "corporations and associations owned and operated by religious and sectarian groups." MO. REV. STAT. § 213.010(7).

Perry's only response to Seton Center's motion to dismiss was to a file a motion for leave to file an amended complaint [Doc. 10] that would restore the Section 1981 claim previously dropped.

It is well settled that there is "no absolute right to amend a pleading." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir.2003) (*citing Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir.1999)). Ultimately, the decision to permit a party to amend its pleadings is left to the discretion of the district court. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). However, as a general rule, the Federal Rules of Civil Procedure provide that amendments to the pleadings are to be liberally permitted:

> A party. . . may amend his pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely granted when justice so requires.

FED. R. CIV. P. 15(a). To that end, the courts that have analyzed the "justice" language in Rule 15 have concluded that:

2

> Under this policy, only limited circumstances justify a district court's refusal to amend the pleadings: undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.

*Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987).

In this case, the Court concludes that justice does not require permitting the amended pleading in this case. While Perry is correct that Seton Center cannot claim surprise by the Section 1981 charge since it was in the original petition, the Court does not agree that necessarily means there is no unfair prejudice to Seton Center by permitting the amendment. As Perry conceded in her own pleading:

> If [Perry] were not allowed leave to amend her Complaint, she faces dismissal of her entire cause as untimely.

Thus, implicitly acknowledging that her Missouri Human Rights Act claim is subject to dismissal, Perry recognizes that without the amendment her current federal case will be extinguished. This establishes the prejudice to Seton Center. If the amendment is permitted, Seton Center must continue to defend this case. If amendment is not permitted, Seton Center need not incur further legal fees in this matter. That is prejudice. Moreover, the Court has no difficulty in finding that the prejudice is "unfair." Perry chose to drop her Section 1981 claim.

In addition, the Court would note that Perry seeks to file a Second Amended Complaint herein. The Eighth Circuit has noted that "parties should usually be given at least one chance to amend their complaint." *Wisdom First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). Such leniency, however, is less essential when a party is seeking a second amendment. *Compare Carter v. United States*, 123 Fed. Appx. 253, 259 (8th Cir. 2003) (*citing Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003)).

Having determined that amendment of the pleadings is not justified, the Court considers Seton Center's motion to dismiss the sole count before the Court. For the reasons set out in the motion to dismiss, (and not refuted by Perry) the Court concludes that Perry's claim under the Missouri Human Rights Act must be dismissed as untimely. In the alternative, Perry's claim under the Missouri Human Rights Act must be dismissed because Seton Center was not an employer under that Act. Accordingly, it is

**ORDERED** that the *Motion By Plaintiff For Leave To Amend Complaint*, filed October 25, 2010 [Doc. 10] is **DENIED**. It is further

**ORDERED** that *Defendant Seton Center, Inc.'s Motion to Dismiss And Incorporated Memorandum of Law*, filed October 7, 2010 [Doc. 9] is **GRANTED**.

          */s/ John T. Maughmer*  
    **JOHN T. MAUGHMER**  
  **U. S. MAGISTRATE JUDGE**